■ THEODOROS SOTIRAKIS, Respondent, v UNITED SERVICES AUTOMOBILE AS-SOCIATION, Appellant. — In an action to recover damages for the breach of a policy of insurance, defendant appeals from an order of the Supreme Court, Queens County (Kunzeman, J.), dated May 17, 1982, which, upon its motion pursuant to CPLR 3012 (subd [b]) to dismiss the action, denied the same on the condition that plaintiff's attorney pay the sum of $150 to defendant within 30 days after service of a copy of that order upon plaintiff's attorney. Order reversed, on the law, with $50 costs and disbursements, and motion to dismiss granted. In order to avoid dismissal for failure to serve a complaint after the expiration of the 20-day statutory period specified in CPLR 3012 (subd [b]), a plaintiff must (1) demonstrate that there was a reasonable excuse for the delay and (2) make a prima facie showing of the legal merit of the action (see *Barasch v Micucci,* 49 NY2d 594, 599; *Cobbs v Lefrak Organization,* 85 AD2d 616). Plaintiff has failed to adequately justify his failure to serve a complaint during the interval of approximately two months between the date of defendant's notice of appearance and demand for the complaint and the date of

defendant's motion to dismiss for failure to timely serve the complaint. The excuse proffered by plaintiff's attorney (the absence of plaintiff from the State for part of this period), is insufficient since the record indicates that the attorney had ample time to confer with his client to prepare the complaint, both before and after the service of the summons. Under these circumstances, the failure to comply with the statutory time limit for the service of the complaint falls within the ambit of law office failure, which, under the holding of *Barasch v Micucci* (*supra,* p 599), cannot properly serve as the basis for defeating a motion to dismiss under CPLR 3012 (subd [b]). The affidavit of plaintiff's attorney does not serve as a sufficient affidavit of merit to defeat defendant's motion, as it is not based upon personal knowledge and does not deal with evidentiary facts relating to the cause of action (see *Barasch v Micucci, supra; Block v New York City Health & Hosps. Corp.,* 78 AD2d 690). Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.