■ MARGARET C. EGAN, Respondent, v FEDERATED DEPARTMENT STORES, INC., ABRAHAM & STRAUS DIVISION, Appellant. — In an action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Kings County (Pino, J.), dated February 1, 1984, which denied its motion to dismiss the action for failure to timely serve a complaint.

Order reversed, as a matter of discretion, with costs, motion granted and action dismissed.

A plaintiff who seeks to serve a complaint after expiration of the 20-day statutory period following service of a demand therefor as specified in CPLR 3012 (b) must demonstrate that there was a reasonable excuse for the delay and make a prima facie showing of legal merit (*see, Barasch v Micucci,* 49 NY2d 594; *De Vito v Marine Midland Bank,* 100 AD2d 530; *Cobbs v Lefrak Org.,* 85 AD2d 616).

Here, the complaint was not served until over nine months after it was due and some four months after the original return date of defendant's motion to dismiss plaintiff's action for failure to serve a timely complaint. Plaintiff's attorney proffered five excuses for this inordinate delay: (1) an agent from the law firm representing defendant had agreed to an unlimited extension of time to serve the complaint, (2) a lengthy investigation of the facts underlying plaintiff's action was necessary before the complaint could be drafted, (3) plaintiff's extended summer vacation precluded counsel from contacting plaintiff with respect to the preparation of the complaint, (4) the temporary misplacement of the file, and (5) numerous delays on the part of plaintiff to verify the complaint.

Plaintiff's attorney's claim that an unidentified agent from the law firm representing defendant had agreed to an unlimited extension of time to serve the complaint should have been rejected since plaintiff did not produce a written stipulation to that effect, as required by CPLR 2104, and a defense attorney asserted that no extension of time to serve the complaint had been granted (*see, Dobbins v County of Erie,* 58 AD2d 733; *Shanahan v Shanahan,* 92 AD2d 566).

The remaining explanations that were proffered by plaintiff's attorney to excuse the default in this case amounted to nothing

more than inexcusable negligence. Plaintiff's attorney's conclusory assertion that an investigation of the incident was necessary before the complaint could be drafted is not supported by the record. There was no showing of what investigation, if any, plaintiff's attorney was required to undertake in order to draft the complaint. Moreover, the final product is but three pages in length and pleads only two causes of action in straightforward and perfunctory fashion. The general allegations set forth in the complaint indicate that counsel had enough information at the time the summons was served to prepare this pleading (*see, De Vito v Marine Midland Bank, supra; Caton v Schenectady Gazette,* 82 AD2d 949; *Cohen v First Natl. City Bank,* 75 AD2d 837, *affd* 52 NY2d 863). Furthermore, counsel's inability to contact his client to prepare the complaint because plaintiff was on an extended summer vacation is an insufficient excuse as the complaint was already 5½ months overdue when defendant moved to dismiss the action on June 23, 1983 (*see, De Vito v Marine Midland Bank, supra; Caton v Schenectady Gazette, supra*). Lastly, the numerous delays encountered by counsel in attempting to obtain plaintiff's verification of the complaint and the temporary misplacement of the file, which excuses purport to account for the last two months of an almost 10-month delay in serving the complaint, merely constitute law office failure.

Although the Legislature, by enacting CPLR 2005 (L 1983, ch 318), effectively overruled the rigid approach set forth in *Barasch v Micucci* (*supra,* p 599) and its progeny, with respect to pleading defaults attributable to law office failure, and restored to the courts the discretion to excuse delay resulting from such failure in appropriate cases, it was not the intent of this legislation to routinely excuse defaults (*see, De Vito v Marine Midland Bank, supra,* p 531; *Schicchi v Green Constr. Corp.,* 100 AD2d 509; *La Buda v Brookhaven Mem. Hosp. Med. Center,* 98 AD2d 711, *affd* 62 NY2d 1014; *Tehan v Tehan,* 97 AD2d 840). Acceptance of the excuses proffered by plaintiff for the inordinate delay under the facts of this case would foster a return to the pre-*Barasch* era of noncompliance with the time requirements of the CPLR.

Not only did plaintiff fail to demonstrate a reasonable excuse for the inordinate delay in serving a complaint, but she also failed to make an adequate showing that her claim has legal merit. Plaintiff did not submit an affidavit of merit and her attorney's affirmation was not a valid substitute as it was not based upon personal knowledge and did not set forth any evidentiary facts relating to plaintiff's action (*see, Sotirakis v United Servs. Auto. Assn.,* 91 AD2d 1067; *Dobbins v County of Erie, supra; Allen v Berton,* 55 AD2d 1049; *Monette v Bonsall,* 29 AD2d 839; *Sortino v Fisher,* 20 AD2d 25, 32). Although a

pleading verified on the basis of personal knowledge may be used as an affidavit (CPLR 105 [t]), plaintiff's verified complaint, which was submitted in opposition to defendant's motion to dismiss, was devoid of any evidentiary facts or detail regarding defendant's acts of negligence or breach of warranty to constitute a sufficient affidavit of merit (*see, Bethlehem Steel Corp. v Solow,* 51 NY2d 870, 872; *cf. Salch v Paratore,* 60 NY2d 851, 853).

Under the totality of the circumstances presented in this case, including plaintiff's inordinate delay in serving the complaint, the lack of a reasonable excuse, and the failure to demonstrate a meritorious claim, it was an improvident exercise of discretion to deny defendant's motion to dismiss. Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.