■ LAWRENCE OVERSBY, Appellant, v LINDE DIVISION OF UNION CARBIDE CORP. et al., Respondents, et al., Defendants.— In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Burke, J.), entered February 14, 1985, which granted the respective motions of the defendant Pro-Chem Company, Inc., and the defendant Linde Division of Union Carbide Corp., to dismiss the complaint insofar as it asserted against them.

Order affirmed, with one bill of costs.

Special Term properly granted the respective motions to dismiss the complaint insofar as it is asserted against the defendants Pro-Chem Company, Inc. and Linde Division of Union Carbide Corp., on the ground that the plaintiff's service of the complaint was untimely under CPLR 3012. While CPLR 2005 provides that, "[u]pon an application satisfying the requirements of subdivision (d) of section 3012 or subdivision (a) of rule 5015, the court shall not, as a matter of law, be precluded from exercising its discretion in the interest of justice to excuse delay or default resulting from law office failure", there must still be a reasonable excuse for the delay and a meritorious claim *(see, Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693; *Heffney v Brookdale Hosp. Center,* 102 AD2d 842; *Mineroff v Macy's & Co.,* 97 AD2d 535). The plaintiff failed to make an adequate showing that his claim has legal merit. It must be noted in that regard that the plaintiff did not submit an affidavit of merit and his attorney's affirmation was not a valid substitute as it was not based upon personal knowledge and did not set forth sufficient evidentiary facts relating to the plaintiff's action *(see, Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904; *Salch v Paratore,* 60 NY2d 851; *A & J Concrete Corp. v Arker,* 54 NY2d 870; *Egan v Federated Dept. Stores,* 108 AD2d 718). Further, while a complaint which is verified based on personal knowledge may be used as an affidavit (CPLR 105 [t]), the plaintiff's verified complaint was devoid of any evidentiary facts or detail regarding the respon-

dents' acts of negligence so as to constitute a sufficient affidavit of merit *(see, Egan v Federated Dept. Stores, supra; Klenk v Kent,* 103 AD2d 1002; *Luksic v Killmer,* 100 AD2d 864; *Tonello v Carborundum Co.,* 91 AD2d 1169, *affd* 59 NY2d 720; *Investment Corp. v Spector,* 12 AD2d 911). In view of the plaintiff's failure to establish a meritorious claim, we do not consider the question of whether the plaintiff had a reasonable excuse for the delay in serving the complaint. Mangano, J. P., Gibbons, Niehoff and Spatt, JJ., concur.