■ KIMBERLY MARION et al., Respondents, v NOTRE DAME ACADEMY HIGH SCHOOL, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated December 1, 1986, as, upon reargument, denied the defendant's motion to dismiss the action for failure to serve a complaint pursuant to CPLR 3012 (b).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the action is dismissed.

This action was commenced by service of a summons with notice, dated December 10, 1985. The defendant appeared on December 18, 1985, by serving a notice of appearance and a demand for a complaint. The plaintiffs failed to serve the complaint until June 26, 1986, more than six months after the demand therefor. Such service was promptly rejected as untimely by the defendant, who had previously moved to dismiss the action pursuant to CPLR 3012 (b). The plaintiffs submitted no written papers in opposition to that motion, but appeared and orally argued on the return date. The prior motion was granted based upon the plaintiffs' failure to provide the court with either an affidavit of merit by one with personal knowledge of the facts or a verified complaint in lieu thereof.

Upon the plaintiffs' motion for reargument, the service of the untimely complaint was brought before the court; the court then granted reargument and denied the defendant's motion since a verified complaint had, in fact, been available.

It is well settled that, for a plaintiff to avoid dismissal for failure to timely serve a complaint, a reasonable excuse for the delay and the meritorious nature of the claim must be

demonstrated *(see, De Vito v Marine Midland Bank,* 100 AD2d 530). The plaintiffs' attorney's affirmation and the complaint verified by the attorney were insufficient to demonstrate the legal merit of the plaintiffs' claims. Neither document was submitted by someone with personal or firsthand knowledge of the underlying facts of the plaintiff Kimberly Marion's fall and the alleged negligence of the defendant *(see, Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904; *Salch v Paratore,* 60 NY2d 851, *rearg denied* 61 NY2d 759; *Oversby v Linde Div. of Union Carbide Corp.,* 121 AD2d 373). The excuse of law office failure proffered for the delay amounted to mere inadvertence and inexcusable neglect *(see, Egan v Federated Dept. Stores,* 108 AD2d 718).

Given the inordinate delay, the failure to demonstrate a meritorious claim, and the lack of a reasonable excuse, the defendant's motion to dismiss should have been granted. Weinstein, J. P., Rubin, Kunzeman and Kooper, JJ., concur.