■ Mary Nevling et al., Appellants, v Chrysler Corpora-tion et al., Respondents, et al., Defendants.—Weiss, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Peter Patsalos, J.), entered December 5, 1989 in Orange County, which, inter alia, granted motions by defendants Chrysler Corporation and Cornwall Hospital to dismiss the complaint for failure to prosecute.

The complaint in this personal injury action arising out of an automobile accident asserts causes of action for products liability, strict liability, negligence, breach of warranty and breach of contract against defendant Chrysler Corporation, and for medical malpractice against, among others, defendant Cornwall Hospital (hereinafter Cornwall). Service of a summons and notice on Chrysler was made by service on the

Secretary of State on April 1, 1988. Cornwall was served with a summons and notice on July 8, 1988. Despite several extensions of time, plaintiffs failed to serve a complaint until after Chrysler made a CPLR 3012 (b) motion to dismiss on October 5, 1989, with a similar motion made by Cornwall on October 19, 1989. These motions were consolidated and made returnable on November 9, 1989. Plaintiffs' opposing papers, which were not served until November 8, 1989, included the proposed complaint. Plaintiffs simultaneously moved for an order to compel acceptance of their complaint. Supreme Court held that plaintiffs had failed to demonstrate both a reasonable excuse for the delay (over 16 months) and the existence of meritorious causes of action; thus, the court granted both motions to dismiss while denying plaintiffs' cross motion.

The excuses offered by plaintiffs' counsel fall far short of being reasonable. Chrysler and Cornwall were more than cooperative in granting extensions and made repeated requests that the complaint be served. There was no open-ended arrangement. The reliance by plaintiffs' counsel on an alleged oral understanding with defense counsel was not, in any event, binding *(see,* CPLR 2104; *Egan v Federated Dept. Stores, Abraham & Straus Div.,* 108 AD2d 718; *cf., Smith v Lefrak Org.,* 142 AD2d 725). Moreover, plaintiffs wholly failed to properly demonstrate merit to their causes of actions as they were required to do *(see, Dattoria v Dattoria,* 161 AD2d 1009; *Concerned Citizens of Albany-Shaker Rd. v State of New York,* 140 AD2d 842, 843). An affidavit of merit containing evidentiary facts sufficient to establish a prima facie case must be made by a party, not counsel *(see, Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904, 905). The proposed verified complaint here did not suffice as an affidavit of merit in the medical malpractice claim *(see, Fiore v Galang,* 64 NY2d 999, 1000). Here, the complaint proffered in lieu of plaintiffs' affidavit of merit is unavailing since it was verified by their attorney and was not based on personal knowledge *(see, Oversby v Linde Div. of Union Carbide Corp.,* 121 AD2d 373; *Egan v Federated Dept. Stores, Abraham & Straus Div., supra,* at 719).

In sum, dismissal of the action for failure to prosecute and denial of plaintiffs' cross motion to compel acceptance of their complaint was proper *(see, Brooks v New York City Hous. Auth.,* 159 AD2d 673, 674).

Order affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.