■ IPAR REALTY CORP., Appellant, v HERBERT CONSTRUCTION COMPANY, INC., Also Known as HERBERT CONSTRUCTION CO., INC., Respondent, et al., Defendants. [596 NYS2d 466] —In an action to foreclose a mechanic's lien, the plaintiff appeals from an order of the Supreme Court, Westchester County (Delaney, J.), entered September 21, 1990, which granted the motion of the defendant Herbert Construction Company, Inc., also known as Herbert Construction Co., Inc., to reform a stipulation of settlement entered into by the parties on the ground of mutual mistake.

Ordered that the order is reversed, on the law, with costs,

the motion is denied, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The underlying action herein was purportedly settled pursuant to a stipulation of settlement entered into on March 1, 1990, in open court, by the attorneys for the plaintiff and the respondent. The stipulation of settlement provided that the respondent would pay "the sum of $25,000" to a "charity [or] research hospital in Israel as long as it is qualified under the Internal Revenue Code as a recipient of donations to get a charitable deduction".

Thereafter, the respondent moved to reform the stipulation on "the grounds of mutual mistake". Specifically, counsel for the respondent alleged, *inter alia,* that (1) it was an "express condition of the Stipulation" that the recipient "in Israel" be "qualified under the Internal Revenue Code as a recipient of donations to get a charitable deduction" and (2) this condition could not be met since he had "learned that contributions made directly to foreign organizations are not deductible" under the Internal Revenue Code *(see,* 26 USC § 170 [c] [2]).

The Supreme Court granted the respondent's motion for reformation on the ground of mutual mistake and reformed the stipulation by eliminating the requirement that any donation had to be paid to an appropriate institution "in Israel". Specifically, the Supreme Court held as follows: "The stipulation is reformed to provide the defendant shall make a $25,000.00 donation to a hospital doing research in the field of multiple sclerosis, plaintiff to specify the recipient of the donation so long as the recipient qualifies as a charitable organization under the rules and regulations of the Internal Revenue Service".

The Supreme Court erred in granting motion for reformation of the stipulation.

It is well settled that reformation of a contract may be considered as a remedy in a case of mutual mistake *(see,* 13 Williston, Contracts § 1542 [3d ed 1961]). However, in this case, we are confronted with an express condition to a promise *(see,* 5 Williston, Contracts, § 663 *et seq.* [3d ed 1961]; 22 NY Jur 2d, Contracts, §§ 233-234; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 112). The promise of the respondent was to pay $25,000 to a charity or research hospital "in Israel so long as" i.e., provided that, the selected Israeli institution qualified for a charitable deduction under the Internal Revenue Code. Since the condition could not be met,

and was not waived, the respondent was discharged from his promise, the stipulation was vitiated, and the parties were restored to the status quo ante *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard, supra).* However, reformation of the stipulation by the court to eliminate a provision agreed to by the parties, i.e., that the money be paid to a charity or research hospital "in Israel", was improper under these circumstances.

Finally, we reject the plaintiff's contention that the condition in the stipulation can be satisfied by a donation to a tax deductible "charity in New York" which owns a hospital in Israel. The stipulation provides for a donation to be paid to a charity or research hospital "in Israel", and not to a distributing entity in the United States. Mangano, P. J., Bracken, Sullivan and Lawrence, JJ., concur.