■ WATERSIDE TENANTS ASSOCIATION, Appellant, v WATERSIDE REDEVELOPMENT COMPANY, Respondent. [599 NYS2d 581] —

Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about October 23, 1992, granting defendant's motion to dismiss the complaint pursuant to CPLR 3012 (b), unanimously affirmed, without costs.

To successfully oppose defendant's motion to dismiss plaintiff's action for failure to timely serve a complaint, plaintiff must demonstrate a reasonable excuse for its delay and establish the meritorious nature of its claim *(Young v Bassett Hosp.,* 190 AD2d 905). Here, plaintiff has failed to meet its burden. Plaintiff's complaint, seeking reformation of a contract, was properly dismissed as it failed to meet the heavy burden of establishing mutual mistake or unilateral mistake coupled with fraud in connection with a 1984 agreement between the parties concerning the nature of certain design/construction defects and the establishment of a fund to pay the repair costs up to $1,000,000 *(see, Pahl Equip. Corp. v Kassis,* 182 AD2d 22, 29, *lv dismissed* 80 NY2d 1005). Furthermore, plaintiff failed to introduce evidence in admissible form tending to prove that the money set aside for the repair work was used for something other than the stated purpose, or that said fund was improperly spent, or that the benefits were not received by plaintiff. Concur—Carro, J. P., Ellerin, Rubin and Nardelli, JJ.