■ MICHAEL KEISER et al., Individually and Doing Business as KEISER & KEISER, Plaintiffs, and MORTON I. BAUM et al., Individually and Doing Business as BAUM & SHAWN, Respondents, v H. WILLIAM GOETZ, Also Known as H. W. GOETZ, Appellant, et al., Defendant. [652 NYS2d 153] —Carpinello, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered January 12, 1996 in Sullivan County, which, *inter alia*, granted plaintiffs' motion for summary judgment.

Plaintiffs Michael Keiser and Susan Keiser, doing business as Keiser & Keiser, represented defendant Linda Goetz in her divorce action against defendant H. William Goetz. The divorce action was commenced in 1992. William Goetz was represented by plaintiffs Morton I. Baum and Henri Shawn, doing business as Baum & Shawn. On June 17, 1994, plaintiffs and defendants signed a receivership agreement whereby defendants agreed to convey two parcels of real property, including the marital residence, to a receiver. The receiver was to market these properties and upon sale satisfy any outstanding mortgages and property taxes. The balance that remained was to be divided equally and paid to plaintiffs. The conveyances were in fact made in accordance with this agreement.

The findings of fact and judgment of divorce, which incorporated defendants' stipulation of settlement, similarly set forth the receivership arrangement agreed to by plaintiffs and defendants. Both the receivership agreement and the judgment specifically provided that in the event that any carrying or other charges needed to be paid, the receiver would inform plaintiffs, and plaintiffs would make the lowest expenditure necessary to prevent any foreclosure, involuntary sale or forfeiture of the property.

According to the complaint herein, plaintiffs were advised by the bank that held the mortgage on the marital residence that it was prepared to commence a mortgage foreclosure action. Plaintiffs commenced this action seeking to reform the receivership agreement to indicate that defendants were obli-

gated to make all mortgage and tax payments. Plaintiffs also sought judgment for all counsel fees due and owing pursuant to the retainer agreements signed by their respective clients.

William Goetz filed a motion to dismiss and plaintiffs cross-moved for summary judgment. Both motions were initially denied by Supreme Court, which noted that certain essential documents had not been included among the motion papers. Plaintiffs then renewed their summary judgment motion and William Goetz cross-moved to dismiss. Supreme Court granted plaintiffs' motion for summary judgment to the extent of finding defendants liable for unpaid counsel fees. Keiser & Keiser was awarded $51,655.48 as against Linda Goetz, and Baum & Shawn was awarded $39,602.60 as against William Goetz. Both defendants appealed, but Linda Goetz has since discontinued her appeal.

Initially, we express our concern about plaintiffs' conduct in this case. While representing defendants in a protracted and highly charged divorce action, plaintiffs were simultaneously looking out for their own best interests in a way that did not necessarily promote the best interests of their clients. Plaintiffs, as attorneys, unquestionably possessed superior understanding of the implications of the receivership agreement, which required defendants to divest themselves of title to the marital residence so that it could serve as security for their legal fees. Further, it appears from the record that defendants signed this agreement without the advice of independent counsel. Since the interests of plaintiffs and defendants were antithetical, we question the propriety of plaintiffs' preparation of a document imposing such serious obligations upon defendants in the context of plaintiffs' representation of defendants in their divorce action.

Also, before proceeding to the substantive issues of the appeal, we note that Supreme Court did not err in treating the motions before it as motions for summary judgment, as it is clear from the record that the parties were charting a summary judgment course (*see, Matter of Phillips v Town of Clifton Park Water Auth.*, 215 AD2d 924, 926; *Shah v Shah*, 215 AD2d 287, 289; *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320-321).

Defendants' motion to dismiss the first cause of action for reformation should have been granted. The judgment and the receivership agreement, both of which were presumably drafted by plaintiffs, clearly provide that plaintiffs were to make the minimal payment necessary to prevent any prospective foreclosure proceedings or tax sales. They did not do so,

but instead commenced this action for reformation which is an appropriate remedy in the case of mutual mistake or unilateral mistake coupled with fraud (*see, Waterside Tenants Assn. v Waterside Redevelopment Co.*, 194 AD2d 492, 493; *Ipar Realty Corp. v Herbert Constr. Co.*, 192 AD2d 639, 640). Plaintiffs have fallen far short of demonstrating either. Rather, it appears that plaintiffs, realizing that they had made a bad deal, sought to extricate themselves by rewriting the contract that they themselves had drafted.

We find, however, that Supreme Court properly granted plaintiffs' motion for summary judgment for breach of the retainer agreement. Since this action was commenced, the marital residence has been sold. The receivership agreement clearly provided that "[e]ach party will pay his or her own counsel the balance of legal fees incurred in the divorce litigation, which may be in excess of those fees to be paid by the RECEIVER from the proceeds of sales of the properties conveyed to the RECEIVER". It is not entirely clear whether a foreclosure sale actually took place. There is evidence in the record, however, that during the pendency of the foreclosure action, the receiver was negotiating with a purchaser on the open market, had received an offer of $80,000 and was prepared to sell the property for $87,500, which counteroffer was rejected. In fact, Linda Goetz in her responsive papers criticized the receiver for not accepting the $80,000 offer. The property was ultimately sold for $84,000 and the balance of sales proceeds, after all liens and other expenses were satisfied, was approximately $5,000, which was divided equally by plaintiffs. Plaintiffs have included among their papers their billing records which show that substantial amounts remain due and owing as the result of their representation of defendants in their matrimonial action, and these figures have not been contested. Therefore, there does not appear to be a question of fact as to the balance due and owing William Goetz's counsel.

William Goetz claims, however, that he was prejudiced when plaintiffs did not make such payments as would have been required to keep the property out of foreclosure. We disagree. As the $84,000 sale price appears to represent the approximate fair market value of the property, there is no evidence that defendants were harmed by plaintiffs' failure to pay the carrying charges on the residence. His theory that the pendency of the foreclosure sale may have depressed the value of the marital residence is purely speculative and does not suffice to defeat the instant motion for summary judgment (*see, Savino Oil & Heating Co. v Rana Mgt. Corp.*, 161 AD2d 635; *Dabney v Ayre*, 87 AD2d 957).

The Clerk properly awarded Baum & Shawn interest on its judgment pursuant to CPLR 5001 (a), which provides that in an action for breach of contract, interest *"shall be* recovered upon a sum awarded" (emphasis supplied). Interest is computed from the "earliest ascertainable date the cause of action existed" (CPLR 5001 [b]). In this case, interest was awarded as of the date of commencement of the action, which is appropriate when a variety of services have been rendered and when there is some uncertainty about when the services were completed (*see, Brent v Keesler*, 32 AD2d 804, 805). Costs were also properly awarded. CPLR 8101 provides that the prevailing party is entitled to costs unless the court determines that it would not be equitable to allow them under all of the circumstances. Plaintiffs prevailed in Supreme Court and the court did not indicate that an award of costs would be inequitable. Consequently, plaintiffs were entitled to costs upon the entry of judgment (*see, Olmstead v Federated Dept. Stores*, 208 AD2d 979, 982, *lv denied* 85 NY2d 811).

Mercure, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as denied defendant H. William Goetz's motion regarding plaintiffs' first cause of action; motion granted to that extent and summary judgment awarded to said defendant dismissing the first cause of action; and, as so modified, affirmed.