*749 OPINION OF THE COURT
George B. Ceresia, Jr., J.
The above-captioned action arises out of a fire which allegedly occurred on February 25, 1995 at 1533 6th Avenue, Watervliet, New York. It is alleged that the sole cause of the fire was the negligence and carelessness of the defendant Gail Ryan, a tenant of the premises. Plaintiff was the insurer of one Susan Cambell, the building owner. Plaintiff alleges that it was compelled to pay Susan Cambell the sum of $139,810.35 in policy proceeds by reason of the fire. Plaintiff, as subrogee, seeks reimbursement from defendant of the policy proceeds paid to its subrogor.
On January 12, 1998, plaintiff commenced action against the defendant through the filing of a summons and complaint under Albany County index No. 141-98. It is indicated that plaintiff experienced difficulty serving defendant and, as a consequence, within 120 days of the original filing, on May 4, 1998, plaintiff purchased a new index number (index No. 2317-98) and refiled the summons. On May 18, 1998, the Rensselaer County Sheriff served defendant with a copy of the summons (carrying index No. 2317-98) pursuant to CPLR 308 (4). Defendant has served an answer containing first and second affirmative defenses. The first affirmative defense alleges that the action is barred by reason of the expiration of the Statute of Limitations. The second affirmative defense alleges lack of personal jurisdiction over the defendant.
Plaintiff has made a motion to dismiss defendant’s first two affirmative defenses. Defendant has made a cross motion to dismiss plaintiff’s complaint on the ground that the action is time barred by reason of failure to comply with CPLR 306-b. Defendant points out that CPLR 306-b was amended effective January 1, 1998 (L 1997, ch 476). It is contended that the second filing of a summons and complaint under a new index number was not sanctioned by CPLR 306-b (as amended) and that, therefore, the three-year Statute of Limitations had expired at the time the instant action was commenced (see, CPLR 214).
Defendant takes the further position that the court should not extend the time for service of the summons and complaint to authorize the service made on May 18, 1998 under CPLR 306-b (as amended). In support of its argument, defendant asserts that plaintiff possessed the necessary information, shortly after commencement of the first action, to ascertain the then- *750 current whereabouts of defendant. Defendant points out that there is another related action involving the same parties, venued in Albany County Supreme Court, captioned “Allstate Insurance Company, as Subrogee of Donald R. Page and Susan A. Page, Plaintiff, against, Gail Ryan and Susan Campbell, defendants”. Plaintiff is apparently furnishing a defense to Susan Cambell on a liability claim in the Allstate action. It is indicated that in that action Gail Ryan served a response to interrogatories upon the attorney for plaintiff’s subrogor, Susan Cambell. The response, served on February 18, 1998, contained Gail Ryan’s current address. It is argued that, accordingly, there was no excuse for the inability of plaintiff to locate defendant Gail Ryan for purposes of service of the summons and complaint, since the information was in the possession of defense counsel hired by plaintiff in the Allstate action. Counsel for plaintiff in the instant action counters by pointing out that he is not counsel for Susan Cambell in the Allstate action and that information of this nature would not necessarily be communicated immediately from one department to another within the plaintiff insurance company.
CPLR 306-b, as amended (L 1997, ch 476, eff Jan. 1, 1998), recites as follows: “Service of the summons and complaint, summons with notice, or of the third-party summons and complaint shall be made within one hundred twenty days after their filing * * * If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service.”
Prior to January 1, 1998, CPLR 306-b required that proof of service be filed within 120 days of the filing of the summons (see, CPLR former 306-b [a]; L 1992, ch 216, § 7). If proof of service was not so filed, the action was “deemed dismissed” (ibid.). Where however, the action was deemed dismissed by reason of failure to file proof of service, plaintiff was afforded an opportunity to commence a new action, “despite the expiration of the statute of limitations after the commencement of the original action” within 120 days of the date of dismissal, provided that service upon the defendant was effectuated within such 120-day period (see, CPLR former 306-b [b]; L 1992, ch 216, § 7).
The Legislative Memorandum in support of the revision to CPLR 306-b recites in part: “Although the dismissal would be without prejudice, where the statute of limitations has run in *751 the interim the dismissal would obviously be fatal to plaintiffs claim. It is for this reason that we believe that extensions of time should be liberally granted whenever plaintiffs have been reasonably diligent in attempting service.” (Mem of Senate in support of L 1997, ch 476, 1997 McKinney’s Session Laws of NY, at 2457.)
The court is mindful that “[generally speaking remedial statutes meet with judicial approval and are liberally construed” (McKinney’s Cons Laws of NY, Book 1, Statutes § 321, at 489; see, Post v 120 E. End Ave. Corp., 62 NY2d 19, 28-29; Matter of Asman v Ambach, 64 NY2d 989, 990 [1985]).
The court must initially note that it is of the view, and will so direct, that the two actions be deemed consolidated under the older index number (index No. 141-98).
Plaintiffs act of filing a summons under a new index number was an obvious attempt to satisfy the requirements of CPLR former 306-b (b). The court cannot ignore the fact that up until January 1, 1998, service beyond the initial 120-day period was specifically permitted by the Legislature notwithstanding the intervening expiration of the Statute of Limitations (see, CPLR former 306-b). Thus, but for the statutory amendment, plaintiffs attempted compliance with CPLR former 306-b (b) would have been regarded as a diligent and successful effort. In the court’s view, in light of the very recent amendment to CPLR 306-b, the brief delay in serving defendant (which, in effect, amounts to six days) is, under all of the circumstances, excusable. In the interest of justice and for good cause shown, the court determines that the action should be found to have been timely commenced as of January 12, 1998, and that the time for service should be extended, nunc pro tunc, to render service upon defendant Gail Ryan on May 18, 1998 timely.*
The court notes that defendant does not contest that portion of plaintiffs motion which seeks to dismiss defendant’s second affirmative defense (lack of personal jurisdiction).
Accordingly, it is ordered, that the actions under Albany County index No. 2317-98 and Albany County index No. 141-98 be and hereby are consolidated under index No. 141-98; and it is ordered, pursuant to CPLR 306-b, that the court extends the *752 time for service of the summons and complaint upon defendant to and including May 18, 1998; and it is ordered, that defendant’s cross motion for an order dismissing plaintiffs complaint is denied; and it is ordered, that plaintiffs motion to dismiss defendant’s first and second affirmative defenses is granted.

 The entire issue with regard to plaintiff’s diligence in ascertaining the current address of defendant is not deemed by the court to be of great significance. Plaintiff obviously was proceeding under the mistaken belief that it would be entitled to a second 120-day period for service of the summons under CPLR former 306-b. Given this fact, its failure to learn of defendant’s whereabouts as promptly as it could have is excusable.