OPINION OF THE COURT
Eileen A. Bransten, J.
Motion Nos. 007 and 010 on the court’s June 8, 1999 calendar are consolidated for disposition. In motion No. 007, defendants Medgar Evers College of the City University of New York and the Jackie Robinson Center for Physical Culture (collectively, Medgar Evers) move to dismiss plaintiffs’ complaint in the action bearing index No. 109082/98 (Action 1), pursuant to CPLR 306-b, for plaintiffs’ failure timely to serve the summons and complaint. In motion No. 010, plaintiffs the estate of Andre Jervis (the Decedent) and Madeline Jervis, as executor of the estate of Andre Jervis (Jervis), move to consolidate Action 1 with a later commenced action by Jervis, bearing index No. 120561/98 (Action 2), which is essentially duplicative of Action 1. Medgar Evers cross-moves to dismiss Jervis’ first cause of action in Action 2 for lack of subject matter jurisdiction and moves to dismiss the remaining three causes of action on Statute of Limitations grounds. Defendants New York City Employees Retirement System and New York City Teachers Retirement System (collectively, the City Retirement System Defendants) also cross-move to dismiss Jervis’ claims against them for failure to state a cause of action.
In the complaint, Jervis alleges that the Decedent was employed at the Jackie Robinson Center for Physical Culture division of Medgar Evers College as a fiscal administrator from November 1989 through June 1995. Jervis further alleges that in 1994 the Decedent was diagnosed with cancer, and that on June 30, 1995 the Decedent was fired by Medgar Evers because he had cancer and because Medgar Evers intended to deprive him of disability and death benefits. Jervis pleads four causes of action: (1) against all defendants, for breach of contract; (2) against Medgar Evers, for discrimination in violation of Executive Law § 296; (3) against Medgar Evers, for discrimination in violation of Administrative Code of the City of New York § 8-502 (a); and (4) against Medgar Evers, for violations of the Family and Medical Leave Act.
It is undisputed that Jervis originally purchased index No. 109082/98 and filed a summons and complaint in Action 1 on May 26, 1998. Jervis later filed an amended complaint to add the City Retirement System Defendants on June 30, 1998. *973 Jervis, however, did not serve the summons and complaint in Action 1 within 120 days, as required by CPLR 306-b. Then, on November 13, 1998, Jervis purchased index No. 120561/98, and refiled the summons and complaint, thus commencing Action 2. The summons and complaint in Action 2 were apparently served sometime between November 13, 1998 and January 20, 1999, the date Medgar Evers filed a motion to dismiss Action 2. After Jervis was served with Medgar Evers’ motion to dismiss Action 2, on March 22, 1999, approximately two months later, Jervis’ counsel had the summons and complaint in Action 1 served upon Medgar Evers.
Medgar Evers argues that Action 1 should be dismissed because the original summons and complaint were not timely served, and Action 2 should be dismissed because Jervis’ claims are now barred by the Statute of Limitations. In opposition, Jervis’ counsel contends that up until the time he received Medgar Evers’ first motion to dismiss, he mistakenly believed that CPLR former 306-b was in effect, that Jervis has shown good cause for the failure timely to serve the complaint in Action 1, and that the court should therefore extend Jervis’ time for service in Action 1 and consolidate Action 1 with Action 2.
Jervis’ dilemma springs from the 1998 amendment to CPLR 306-b (L 1997, ch 476, § 1). CPLR 306-b provides, in part, that a summons and complaint must be served within 120 days of filing. Prior to January 1, 1998, an action was deemed automatically dismissed for plaintiff’s failure to serve the summons and complaint within the 120-day time limit. However, plaintiff could recommence the action as a matter of right, despite the intervening expiration of the Statute of Limitations, by refiling the summons and complaint and serving the refiled summons and complaint within 120 days of the deemed dismissal of the original summons and complaint. {See, Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C306-b:2, 1997 Pocket Part, at 97.) This automatic extension provision for recommencement of the action was eliminated in the 1998 amendment to CPLR 306-b. {Ibid.)
CPLR 306-b now states “Service of the summons and complaint * * * shall be made within one hundred twenty days after their filing * * * If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service.”
*974 While the automatic 120-day extension of the time to commence an action was eliminated, in its place the Legislature conferred upon the court the power to extend the initial 120-day period, upon a showing of “good cause,” or in the “interest of justice.”
Under CPLR 306-b, leave to extend the 120-day time period should be liberally granted, particularly in those cases where expiration of the Statute of Limitations would prohibit recommencement of the action. (See, Worcester Ins. Co. v Ryan, 178 Misc 2d 748 [Sup Ct, Albany County 1998], citing Mem of Senate in Support of L 1997, ch 476, 1997 McKinney’s Session Laws of NY, at 2457.) However, while expiration of the Statute of Limitations is a consideration, the court should not automatically grant a plaintiffs motion to extend the time to serve the complaint. As Professor Siegel has stated, “The fact that the statute of limitations has expired and that a dismissal for want of service would at this point make it too late for a new action is of course a consideration, but the expiration of the statute can’t itself assure that the motion to extend will be granted. If the rule were otherwise, all dismissals for late service would be relatively innocuous, coming about only when a new action would still be permissible, and the plaintiffs only penalty would be the inconvenience, and modest cost, of starting over.” (Siegel, New Rule in Effect For Commencing Actions, NYLJ, Jan. 5, 1998, at 1, col 1.)
Thus, even when the Statute of Limitations has expired, to warrant an extension of the time to serve the summons and complaint, the plaintiff must show, at a minimum, reasonable diligence in attempting to effectuate service. (See, Mem of Senate, op. cit., at 2457 [“extensions of time should be liberally granted whenever plaintiffs have been reasonably diligent in attempting service”].) Here, Jervis has not shown a reasonably diligent effort to have the summons and complaint properly served.
Jervis’ summons and complaint in Action 1 were filed on May 26, 1998. Jervis’ counsel apparently did nothing to determine whether service was effected until long after the original 120-day period had expired. Then, upon discovering that the summons and complaint were not properly served within 120 days, and in the mistaken belief that CPLR former 306-b was still in effect, on November 13, 1998, Jervis’ counsel commenced Action 2 by filing the summons and complaint under the new index number. The filing of the summons and complaint in Action 2 did not occur until 169 days after the filing of the summons and complaint in Action 1.
*975 Moreover, Jervis’ counsel was aware, on or about January 22, 1999, that Medgar Evers was moving to dismiss Action 2 on Statute of Limitations grounds. Instead of then immediately taking steps to serve the summons and complaint in Action 1 (which was not barred by the Statute of Limitations), Jervis’ counsel waited until March 22, 1999, two months later, to effectuate service of the summons and complaint in Action 1. Thus, the summons and complaint in Action 1 were not actually served until 297 days after the filing of the summons and complaint. (Cf., Worcester Ins. Co. v Ryan, 178 Misc 2d 748, 751 [Sup Ct, Albany County 1998], supra [court found that plaintiff’s act of filing a summons under a new index number and brief six-day delay in service upon defendant was sufficient cause to extend the time to serve the summons and complaint].)
The court also notes that Jervis has failed to make any showing that Jervis has a meritorious cause of action. Jervis’ complaint is bare boned, and Jervis has not submitted any affidavits on these motions demonstrating the merits of Jervis’ claims. (See, Waterside Tenants Assn. v Waterside Redevelopment Co., 194 AD2d 492 [1st Dept 1993] [under CPLR former 306-b, Court held that “(t)o successfully oppose defendant’s motion to dismiss plaintiff’s action for failure to timely serve a complaint, plaintiff must demonstrate a reasonable excuse for its delay and establish the meritorious nature of its claim”]; see also, Marion v Notre Dame Academy High School, 133 AD2d 614 [2d Dept 1987] [same].)
Under these circumstances, the court finds that Jervis has failed to show reasonable cause for failure to serve the complaint within 120 days, and declines to extend the time to serve the complaint “in the interest of justice.” Accordingly, the court grants Medgar Evers’ motion to dismiss the first complaint for untimely service, and grants Medgar Evers’ motion to dismiss the second complaint as barred by the Statute of Limitations.
Next, the City Retirement System Defendants cross-move to dismiss the action against them on the ground that, at the time of his death, the Decedent was not a member of any of the City Retirement System Defendants and is therefore not entitled to any benefits as a matter of law. At the oral argument of this motion, Jervis’ counsel conceded that the Decedent was not a member of the City Retirement System Defendants at the time of his death and is therefore not entitled to benefits from these defendants. Accordingly, the City Retirement System Defendants’ motion to dismiss the complaint against them is granted.
*976 Finally, even though the court is dismissing the complaint in its entirety against Medgar Evers and the City Retirement System Defendants, a breach of contract cause of action remains against defendants Teachers Insurance and Annuity Association and PSC-CUNY Welfare Fund. Because these defendants have submitted no papers in opposition, this court grants Jervis’ motion to consolidate Actions 1 and 2 as to these defendants.
In accordance with the foregoing, it is ordered that defen-, dants Medgar Evers College of the City University of New York’s and the Jackie Robinson Center for Physical Culture’s motion to dismiss the complaint in the action bearing index No. 109082/98 is granted, and it is further ordered, that the complaint in the action bearing index No. 109082/98 is dismissed as to defendants Medgar Evers College of the City University of New York and the Jackie Robinson Center for Physical Culture, with costs and disbursements as taxed by the Clerk of the Court upon the submission of an appropriate bill of costs, and the Clerk is directed to enter judgment accordingly; and it is further ordered that defendants Medgar Evers College of the City University of New York’s and the Jackie Robinson Center for Physical Culture’s motion to dismiss the complaint in the action bearing index No. 120561/98 is granted, and it is further ordered that the complaint in the action bearing index No. 120561/98 is dismissed as to defendants Medgar Evers College of the City University of New York and the Jackie Robinson Center for Physical Culture, with costs and disbursements as taxed by the Clerk of the Court upon the submission of an appropriate bill of costs, and the Clerk is directed to enter judgment accordingly; and it is further ordered that defendants New York City Employees Retirement System’s and New York City Teachers Retirement System’s motion to dismiss the complaints in the action bearing index No. 120561/98 and the action bearing index No. 109082/98 is granted; and it is further ordered that the complaint in the action bearing index No. 120561/98 is dismissed as to defendants New York City Employees Retirement System and New York City Teachers Retirement System, with costs and disbursements to these defendants upon their submission to the Clerk of the Court of an appropriate bill of costs, and the Clerk is directed to enter judgment accordingly; and it is further ordered that the complaint in the action bearing index No. 109082/98 is dismissed as to defendants New York City Employees Retirement System and New York City Teachers *977 Retirement System, with costs and disbursements to these defendants upon their submission to the Clerk of the Court of an appropriate bill of costs, and the Clerk is directed to enter judgment accordingly.