(December 13, 2001)

■ MARION P. DICK et al., Respondents, v DORAL GREENS LIMITED PARTNERSHIP et al., Appellants, et al., Defendants. [735 NYS2d 17] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about December 6, 2000, which consolidated and denied, as moot, the respective motions of

defendants Doral Greens Limited Partnership, The Greens at Doral Corporation, Howard Kaskel, David Kaskel, Richard Kaskel, Triboro Properties Corp., Carol Management Corporation, KSB Arrowood Realty Corp. and Doral Conference Center Associates (collectively the Doral defendants), Raymond Keyes Associates (RKA) and Lynch Engineering, P. C. and Garry R. Lynch (collectively the Lynch defendants) to dismiss the action for failure to serve a timely complaint pursuant to CPLR 3012 (b) and granted plaintiffs' cross motions for an extension of time to serve a complaint, unanimously reversed, on the law and the facts, the motions granted and the cross motions denied, without costs or disbursements. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint. Order, same court and Justice, entered on or about February 8, 2001, which denied the motion of defendants Mark Lasar and Mark Lasar Plumbing & Heating, Inc. (collectively the Lasar defendants) to dismiss the action pursuant to CPLR 3012 (b) for failure to serve a timely complaint and granted plaintiffs' cross motion for an extension of time to serve a complaint and compelling defendants to accept such service, unanimously reversed, on the law and the facts, without costs or disbursements, the motion granted and the cross motion denied. The Clerk is directed to enter judgment in favor of defendants-appellants Mark Lasar and Mark Lasar Plumbing & Heating, Inc. dismissing the complaint.

Plaintiffs purchased a residential unit in the Doral Greens condominium in Rye Brook, New York on July 7, 1993. As alleged in their summons with notice, dated July 2, 1999, by which plaintiffs commenced this action, the various Doral defendants were involved in the sponsorship, design, construction and sale of the Doral Greens condominium development while the other defendants were involved in its design or construction as contractors, subcontractors, engineers or architects. The notice alleges "breach of contract, breach of warranty [both express and implied], fraud, fraudulent inducement, conspiracy to defraud, negligence, negligent design [and construction] and professional malpractice in connection with the design, construction and sale of [the subject condominium unit] causing property damage and severe personal injuries and loss of services." No complaint accompanied the summons. Separate notices of appearance with demands for service of a complaint were filed and stipulations extending plaintiffs' time to serve a complaint entered into, the most generous of which extended plaintiffs' time to May 31, 2000. No such stipulation was entered into as far as the Lynch defendants or RKA were concerned. The four sets of defendants separately moved, pur-

suant to CPLR 3012 (b), to dismiss the action for failure timely to serve a complaint, asserting that the period of delay, ranging from 6 to 10 months, was inordinate and inexcusable.

In opposition to the four dismissal motions and in support of their cross motions for an extension of time to serve a complaint, plaintiffs submitted an affidavit from their attorney, who, asserting personal knowledge of the facts, argued essentially that the delay was attributable to the complexity of the litigation and the fact that he had not been retained until after the filing and service of the summons. A section of the Doral Greens condominium offering plan, identifying the roles played by the various Doral defendants in the condominium development, and Lynch Engineering, P. C., as the sponsor's mechanical engineer, was appended, as was a copy of a subrogation complaint in an unrelated action against parties other than any of the defendants herein. The sole fact alleged in that complaint relative to this action is that a roof leak occurred in plaintiffs' unit on May 29, 1998, some five years after they had purchased it. This leak was allegedly caused by parties other than defendants herein. Plaintiffs' counsel asserted that he had "determined that several of the causes of action enumerated in the summons were viable and [he] could proceed with litigation that was meritorious, not frivolous and not sanctionable under the Rules of The Chief Judge."

As is obvious from the affidavit of plaintiffs' counsel, plaintiffs have failed to make the requisite showing of "evidentiary facts sufficient to establish a prima facie case." (*Kel Mgt. Corp. v Rogers & Wells*, 64 NY2d 904, 905; *Chmielnik v Rosenberg*, 269 AD2d 555.) Their attorney's reply affidavit is no more enlightening and fares no better in meeting the requisite showing of evidentiary facts. (*See, Marion v Notre Dame Academy High School*, 133 AD2d 614.) Although there is a conclusory allegation of construction defects in the attorney's reply affidavit, none are identified and no facts are stated.

In light of the lack of merit and insufficiency of the facts alleged to establish a viable cause of action, the cross motions seeking an extension of time to serve the complaint should have been denied. Concur—Sullivan, P. J., Nardelli, Ellerin, Rubin and Friedman, JJ.