Yonkers Shopping Ctr., LLC v Double Barrel, LLC (2022 NY Slip Op
50434(U))

[*1]

Yonkers Shopping Ctr., LLC v Double Barrel, LLC

2022 NY Slip Op 50434(U) [75 Misc 3d 130(A)]

Decided on May 24, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 24, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, BARRY E.
WARHIT, JJ

2021-55 W C

Yonkers Shopping Center, LLC,
Respondent,
against
Double Barrel, LLC, Doing Business as Whiskey House, Appellant.

Boone Law, PLLC (Jacqueline Boone of counsel), for appellant.
Paul W. Meyer, Jr., for respondent.

Appeal from an order of the City Court of Yonkers, Westchester County (Evan Inlaw, J.),
entered January 26, 2021. The order, insofar as appealed from, denied tenant's motion to, in
effect, vacate an October 16, 2020 oral order of that court denying, upon tenant's failure to appear
at a hearing, tenant's prior motion to restore the case to the calendar, stay landlord from reletting
the premises, vacate the final judgment and warrant, and restore tenant to possession of the
subject premises in a holdover summary proceeding.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this commercial holdover proceeding based upon various monetary and non-monetary
defaults by tenant, the parties stipulated, on November 6, 2019, to restore tenant's lease. As a
condition of the restoration, tenant agreed to, among other things, pay rent by a date certain,
make certain installment payments through April 2020, make certain repairs, and provide a new
liquor license and a new personal guaranty by the individuals who had become partial owners of
tenant since the execution of the lease. In May 2020, upon landlord's determination that tenant
failed to comply with the stipulation, landlord applied, in accordance with the agreement, for a
final judgment of possession and warrant of eviction. Tenant was evicted on September 9, 2020,
and subsequently moved to, among other things, vacate the final judgment and be restored to
possession. A hearing on the motion was commenced on September 26, 2020, at which tenant's
principal admitted to failing to comply with certain portions of the stipulation, including failing
to make payments or certain repairs, update the liquor license, or provide the guaranty from its
new owners. The hearing was adjourned to October 16, 2020. Tenant and its attorney failed to
timely appear on the adjourned date and the court denied tenant's motion on the record
(see Uniform Rules for City Courts [22 NYCRR] § 210.14 [a] [2]). Tenant
subsequently moved to, in effect, vacate the default order and for the court to decide the merits of
the prior motion to vacate the judgment and be restored to possession. In an order entered
January 26, 2021, the City Court, [*2]insofar as is relevant to this
appeal, denied tenant's motion on the ground that tenant failed to demonstrate the merits of its
prior motion. We affirm the order insofar as appealed from. 
A party seeking to vacate a default must demonstrate a reasonable excuse for his or her
default and a potentially meritorious claim or defense (see CPLR 5015 [a] [1]; Gately v Drummond, 161 AD3d
947 [2018]). We agree with the City Court that tenant did not demonstrate that its motion to
vacate the final judgment had merit, as tenant did not show that it complied with the stipulation
or that there is any basis to relieve tenant of the consequences of the stipulation (see Hallock
v State of New York, 64 NY2d 224, 230 [1984]; Matter of Frutiger, 29 NY2d 143,
149-150 [1971]), including a claim of impossibility (see City Natl. Bank v Baby Blue Distribs., Inc., 199 AD3d 559
[2021]; 558 Seventh Ave. Corp. v Times
Sq. Photo Inc., 194 AD3d 561 [2021]). Under the circumstances, we need not address
tenant's excuse for its default in appearing in court (see Oversby v Linde Div. of Union
Carbide Corp., 121 AD2d 373 [1986]; North Shore Cardiac Imaging, P.C. v Glaser, 63 Misc 3d 143[A],
2019 NY Slip Op 50628[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]).
Tenant's remaining contentions lack merit.
Accordingly, the order, insofar as appealed from, is affirmed. 
GARGUILO, P.J., EMERSON and WARHIT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 24, 2022