■ JOHN A. TONELLO, as Administrator of the Estate of LOUISE R. TONELLO, Deceased, Respondent, v CARBORUNDUM COMPANY, Appellant. — Order unanimously reversed, without costs, defendant's motion granted and complaint dismissed. Memorandum: It was an abuse of discretion for Special Term to deny defendant's motion to dismiss the action for failure to serve a complaint (see *Scarborough v Zimmon,* 56 NY2d 784). The purported reason for the delay in serving a complaint in this wrongful death action was that settlement negotiations were in progress. The record reveals no reasonable basis for plaintiff's belief that settlement negotiations were under way. The action was commenced on May 26, 1981 by service of a summons with notice. On June 1 plaintiff's attorney wrote to defense counsel requesting that they meet to discuss settlement and forwarded copies of the summons together with various documents including, *inter alia,* the death certificate and certificate appointing an administrator of the estate. In response, on June 10, 1981 defense counsel

served a notice of appearance and demand for a copy of the complaint. Nothing further occurred until September 28 when plaintiff's counsel again wrote to defense counsel requesting a meeting to discuss the case. Replying by letter on September 30, defense counsel referred to his letter of June 10, stated that he had not expressed an interest in discussing the case but rather had demanded a complaint and noted that no extension had been requested or granted. When the complaint was subsequently served, it was rejected and defendant moved to dismiss for failure to serve a complaint. That motion was denied and plaintiff's cross motion to compel acceptance of the complaint was granted. Plaintiff's counsel contends that in January, 1981, while visiting the office of defense counsel on another matter, he submitted various documents relative to this claim and discussed the case with him. In his opposing affidavit, defense counsel states that the only copies of documents in his possession were those forwarded with plaintiff's June 1, 1981 letter, that he did not have any conversations relative to this matter between October, 1979 and September, 1981 and that settlement was never discussed. Even accepting as true the fact that plaintiff spoke to defense counsel in January, 1981 relative to this claim, that was nearly six months prior to commencement of the action and there is no allegation that anything took place in the interim. Even if settlement negotiations had occurred in the past, that excuse "ceases to have effect within a brief interval after the last communication" (*Sortino v Fisher,* 20 AD2d 25, 29). Such excuse falls within the general heading of "law office failure," which is clearly inadequate (see *Barasch v Micucci,* 49 NY2d 594). Further, in order to oppose successfully a motion to dismiss for failure to serve a complaint, plaintiff must submit an affidavit containing evidentiary facts attested to by persons with firsthand knowledge. It must be of a type which would defeat a motion for summary judgment on the ground that there is no issue of fact (see *Sortino v Fisher, supra,* p 32). Plaintiff's papers in support of his motion to compel acceptance of the complaint and in opposition to the motion to dismiss did not contain an affidavit of merit. Only several weeks after the motions were noticed and after multiple adjournments did plaintiff submit an affidavit of merit. Even then, there was no proof from anyone with firsthand knowledge of the facts that the instrumentality in question was designed and manufactured by the defendant. Having failed to meet both requirements set forth in *Barasch (supra),* plaintiff's complaint must be dismissed. (Appeal from order of Supreme Court, Erie County, Marshall, J. — dismiss action.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.