■ John Wellington, Respondent, v Quain K. Weber, Appellant. [600 NYS2d 666] —Order unanimously reversed on the law without costs and motion denied. Memorandum: On September 11, 1990, an order was entered dismissing this action, without prejudice, unless plaintiff served a verified complaint within 60 days of service of the order. That order, with notice of entry, was served upon plaintiff's attorney by mail on September 12, 1990. Plaintiff did nothing until March 11, 1991, when plaintiff's attorney forwarded a verified complaint to defendant's attorney. Defendant returned the complaint, refusing to accept service upon the ground that the action had been dismissed. Defendant did not serve an answer. Plaintiff then moved on July 15, 1991, for a default judgment or, in the alternative, for an order relieving plaintiff of his default and compelling defendant to serve an answer. Defendant appeals from an order directing him to serve an answer within 20 days of service of that order.

Plaintiff failed to proffer a reasonable excuse for failing to serve the complaint within the 60-day period provided in the court's conditional order of dismissal. Although plaintiff had asked a different attorney to represent him and that attorney

had attempted to communicate with plaintiff's attorney of record within the 60-day period, no excuse has been proffered for the complete neglect of plaintiff's case by his attorney of record *(cf., Smith v Fritz,* 148 AD2d 438, *lv dismissed* 74 NY2d 715). Moreover, the second attorney has failed to explain satisfactorily his unreasonable delay in seeking relief from the default upon expiration of the 60-day period. Although a verified complaint may serve as an affidavit of merit *(see,* CPLR 105 [t]), the subject complaint contains conclusory assertions and fails to set forth evidentiary facts in detail sufficient to establish a meritorious cause of action *(see, Terranova v Gallagher Truck Ctr.,* 121 AD2d 621; *Egan v Federated Dept. Stores,* 108 AD2d 718; *cf., Bethlehem Steel Corp. v Solow,* 51 NY2d 870, 872). Under the circumstances, Supreme Court improperly exercised its discretion in relieving plaintiff from his default in serving the complaint *(see, Zent v Board of Educ.,* 174 AD2d 1047, 1048; *Cox v Edmister,* 122 AD2d 557, *appeal dismissed* 68 NY2d 900, *lv denied* 69 NY2d 603). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Compel Answer.) Present—Denman, P. J., Pine, Balio, Fallon and Boehm, JJ.