**STACEY G. GRANT, Respondent, v CITY OF NORTH TONAWANDA et al., Appellants.** [639 NYS2d 193]

Memorandum: Supreme Court improvidently exercised its discretion in denying defendants' motion to dismiss the action for failure to serve a complaint. Plaintiff commenced this action for false imprisonment in May 1994 by service of a summons with notice. Defendants' attorney served a notice of appearance and demand for complaint dated June 15, 1994. More than two months later defendants moved to dismiss the action pursuant to CPLR 3012 (b). Plaintiff did not serve a written response to the motion, but on its return date her attorney appeared in court and served an unverified complaint. "Once the time to serve a complaint has expired, a plaintiff must provide the court with an affidavit of merit or a verified complaint in lieu thereof" (*A & J Concrete Corp. v Arker*, 54 NY2d 870, 872; *see, Brooks v Inn at Saratoga Assn.*, 188 AD2d 921). Here, plaintiff failed to provide either an affidavit of merit or a verified complaint. Moreover, plaintiff did not show that the two-month delay in serving the complaint was excusable (*see, Fantauzzo v Steimer*, 193 AD2d 1125; *Iafallo v Dolan*, 162 AD2d 965). Thus, defendants' motion should have been granted. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Dismiss Action.) Present—Pine, J. P., Lawton, Wesley, Balio and Davis, JJ.

**In the Matter of TIMOTHY D. REEVES, Appellant, v COUNTY OF ONONDAGA et al., Respondents.** [639 NYS2d 757]

Present—Pine, J. P., Lawton, Wesley, Balio and Davis, JJ.