■ MARTIN DeROSIER et al., Respondents, v JAMES CROWLEY et al., Appellants. [642 NYS2d 834] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: "For plaintiff[s] to avoid dismissal of [their] action for failure to timely serve a complaint, [they] must demonstrate a reasonable excuse for [their] delay and establish the meritorious nature of [their] claim" *(Young v Bassett Hosp.*, 190 AD2d 905; *see,* CPLR 3012 [b]; *Fantauzzo v Steimer*, 193 AD2d 1125; *Iafallo v Dolan*, 162 AD2d 965). Because plaintiffs proffered no excuse for their delay and failed to submit an affidavit of merit, Supreme Court erred in denying defendants' motion to dismiss *(see, Fantauzzo v Steimer, supra; Young v Bassett Hosp., supra)*. (Appeal from Order of Supreme Court, Steuben County, Scudder, J.—Dismiss Complaint.) Present—Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.

■ ANATOLIO PISTOLESI et al., Individually and Doing Business as CASABLANCA RESTAURANT, Appellants, v NORTH COUNTRY INSURANCE COMPANY, Respondent. [642 NYS2d 834] —Order unanimously affirmed without costs. Memorandum: The determination of reasonable counsel fees is a matter that lies within the sound discretion of the trial court *(see, Matter of Nicastro*, 186 AD2d 805; *Matter of Rahmey v Blum*, 95 AD2d 294, 299). Supreme Court did not abuse its discretion in setting the hourly rate of compensation for plaintiffs' counsel. (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Counsel Fees.) Present—Green, J. P., Wesley, Doerr and Boehm, JJ.