■ CALVIN A. WARD, JR., et al., Respondents, v BARBARA J. QUICK et al., Appellants. [672 NYS2d 581] —Order unanimously reversed on the law without costs, motion granted and action dismissed. Memorandum: Plaintiffs commenced this personal injury action by service of a summons with notice on or about May 10, 1995. On May 24, 1995, defendant's attorney served a

notice of appearance and demand for complaint. Approximately 22 months later, defendants moved to dismiss the action pursuant to CPLR 3012 (b). Supreme Court granted the motion conditionally, giving plaintiffs 10 days from the order to serve a complaint.

In opposition to a motion to dismiss pursuant to CPLR 3012 (b), plaintiff must provide the court with an affidavit of merit or a verified complaint in lieu thereof (see, Grant v City of N. Tonawanda, 225 AD2d 1089; see also, Kel Mgt. Corp. v Rogers & Wells, 64 NY2d 904, 905; DeRosier v Crowley, 226 AD2d 1117). Here, plaintiffs submitted their attorney's affidavit, which is of no probative value, and they submitted the police report. Even assuming, arguendo, that the police report was sufficient to establish merit, we conclude that dismissal is required because plaintiffs failed to provide a reasonable excuse for the extensive delay (see, Grant v City of N. Tonawanda, supra). Plaintiffs' attorney stated in his affidavit that he had an agreement with an employee of defendants' insurance carrier that the case would be held in abeyance until the extent of plaintiffs' injuries could be ascertained. The carrier's employees submitted affidavits wherein they denied that any such agreement had been reached. Even if such an agreement had been reached, however, it was unreasonable for plaintiffs to do nothing in response to defendants' demand for complaint (see, Honohan v Hannaford Bros. Co., 208 AD2d 1177, 1178). (Appeal from Order of Supreme Court, Steuben County, Scudder, J.—Dismiss Action.) Present—Denman, P. J., Green, Wisner, Pigott, Jr., and Fallon, JJ.