■ VINCENT CURCIO, Respondent, v HARRY SAX et al., Appellants. [791 NYS2d 744]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered January 8, 2004 in a medical malpractice action. The order denied defendants' motion seeking dismissal of the action pursuant to CPLR 3012 (b).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the action is dismissed.

Memorandum: In this action by plaintiff to recover damages sustained as a result of defendants' alleged medical malpractice, defendants appeal from an order denying their motion to dismiss the action pursuant to CPLR 3012 (b) for plaintiff's failure timely to serve the complaint pursuant to defendants' demand therefor. Supreme Court erred in denying the motion. Plaintiff failed to show the meritorious nature of the action (*see Kel Mgt. Corp. v Rogers & Wells*, 64 NY2d 904, 905 [1985]; *Trendell v Community Gen. Hosp.*, 278 AD2d 810 [2000]; *Ward v Quick*, 249 AD2d 943, 944 [1998]). Although in most types of actions a verified complaint will fulfill the requirement of an affidavit of merit (*see Ward*, 249 AD2d at 944; *Grant v City of N. Tonawanda*, 225 AD2d 1089 [1996]), the averments of a lay plaintiff cannot serve as the essential showing of the merit of a medical malpractice action where, as here, the averments include matters not within the ordinary experience and knowl-

edge of laypersons (*see Fiore v Galang*, 64 NY2d 999, 1000-1001 [1985]; *Coakley v Gabel*, 158 AD2d 954, 955 [1990], *lv dismissed in part and denied in part* 76 NY2d 931 [1990], *rearg denied* 76 NY2d 1018 [1990]). Present—Hurlbutt, J.P., Scudder, Kehoe, Pine and Hayes, JJ.