■ ALLSTATE INSURANCE COMPANY, as Subrogee of CAMILLE GRECO, Respondent, v MARRANO DEVELOPMENT CORP. et al., Defendants, and FIREPLACE DISTRIBUTORS, INC., Appellant. [809 NYS2d 697]—

Appeal from an order of the Supreme Court, Erie County

(Donna M. Siwek, J.), entered March 11, 2005. The order, insofar as appealed from, denied the motion of defendant Fireplace Distributors, Inc. to dismiss the complaint against it and granted that part of the cross motion of plaintiff for an extension of time to serve the complaint upon defendant Fireplace Distributors, Inc.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion of defendant Fireplace Distributors, Inc. is granted, the complaint against that defendant is dismissed and that part of the cross motion with respect to that defendant is denied.

Memorandum: Supreme Court erred in denying the motion of Fireplace Distributors, Inc. (defendant) to dismiss the complaint in this subrogation action against it on the ground that the complaint was not timely served and in granting that part of plaintiff's cross motion for an extension of time to serve the complaint upon defendant. Defendant was served with a summons with notice on November 19, 2003 and, on or about December 11, 2003, defendant served a notice of appearance and demand for a complaint. Plaintiff served an unverified complaint upon defendant on March 1, 2004, and defendant rejected service thereof. Approximately five months later, defendant moved pursuant to CPLR 3012 (b) to dismiss the complaint and, approximately two months later, plaintiff cross-moved for an extension of time to serve the complaint upon defendant and another defendant. Plaintiff failed to establish that the delay in serving the complaint was excusable, and thus defendant's motion should have been granted on that ground (*see Grant v City of N. Tonawanda*, 225 AD2d 1089 [1996]; *Fantauzzo v Steimer*, 193 AD2d 1125 [1993]). Although plaintiff's attorney asserted that he believed that defendant's attorney had agreed to accept service of the complaint, that alleged agreement was not reduced to writing and, indeed, defendant's attorney denies that there was such an agreement (*see Ward v Quick*, 249 AD2d 943, 944 [1998]). "The conflicting affidavits did not authorize . . . Supreme Court to resolve this credibility issue, or to do so by erring on the side of compelling [defendant] to accept the [complaint]. Rather, . . . Supreme Court should have turned for resolution of this issue to CPLR 2104, which requires that all [agreements] be written and subscribed by those to be bound, unless made in open court" (*Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 355 [2005]).

In addition, the complaint served upon defendant was unverified and plaintiff failed to submit an affidavit of a person with

firsthand knowledge of the facts, and thus defendant's motion also should have been granted on the ground that plaintiff failed to establish that it has a meritorious cause of action against defendant (*see Tonello v Carborundum Co.*, 91 AD2d 1169 [1983], *affd* 59 NY2d 720 [1983], *rearg denied* 60 NY2d 587 [1983]; *Trendell v Community Gen. Hosp.*, 278 AD2d 810 [2000]; *Marion v Notre Dame Academy High School*, 133 AD2d 614 [1987]; *see generally Dick v Doral Greens Ltd. Partnership*, 289 AD2d 74, 76 [2001], *lv denied* 98 NY2d 607 [2002]). Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.