GERALD KORDASIEWICZ et al., Respondents, v BCC PRODUCTS, INC., et al., Defendants, and CIBA-GEIGY CORP., Doing Business as REN PLASTICS and as SPECIALTY CHEMICALS CORP., et al., Appellants. [809 NYS2d 748]—

Appeals from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered September 21, 2004. The order, insofar as appealed from, conditionally granted the motion of defendant PPG-Industries, Inc. and the cross motion of defendant Ciba Specialty Chemicals Corporation, as successor in interest to Ciba-Geigy Corporation, sued herein as Ciba-Geigy Corp., doing business as Ren Plastics, and Ciba-Geigy Corp., doing business as Specialty Chemicals Corp., to dismiss the action.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the condition is vacated.

Memorandum: Plaintiffs commenced this toxic tort action by filing a summons with notice and serving it on, inter alia, Ciba Specialty Chemicals Corporation (CSCC), as successor in interest to Ciba-Geigy Corporation, sued herein as Ciba-Geigy Corp., doing business as Ren Plastics, Ciba-Geigy Corp., doing business as Specialty Chemicals Corp., and PPG-Industries, Inc. (PPG) (collectively, defendants). Defendants served demands for a complaint and, approximately three months later, PPG moved and CSCC cross-moved for an order pursuant to CPLR 3012 (b) dismissing the action based on plaintiffs' failure to serve a complaint. Supreme Court granted the motion and cross motion "unless within 30 days of oral argument, the plaintiffs provide to the Court and all appearing parties an affidavit demonstrating *prima facie* merit to their case." We agree with defendants that the court should have unconditionally granted the motion and cross motion.

" 'To avoid dismissal for failure to timely serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a meritorious cause of action' " (*Cowing v Kenmore New Covenant Tabernacle of Tonawanda*, 19 AD3d 1094, 1094 [2005], quoting *Chmielnik v Rosenberg*, 269 AD2d 555, 555 [2000]; *see Barasch v Micucci*, 49 NY2d 594, 599 [1980]; *Giordano v Vanchieri & Perrier*, 16 AD3d 621, 621-622 [2005]). It is generally within the sound discretion of the court to determine what constitutes a reasonable excuse for the delay in serving the complaint (*see Adams v Alexander*, 291 AD2d 467 [2002]; *Bravo v New York City Hous. Auth.*, 253 AD2d 510 [1998]; *see also Barasch*, 49 NY2d at 599), and the court has the discretion to excuse delay based on law office failure (*see* CPLR 2005; *Pollack v Eskander*, 191 AD2d 1022, 1023 [1993], *appeal dismissed* 81 NY2d 1067 [1993]; *Egan v Federated Dept. Stores, Abraham & Straus Div.*, 108 AD2d 718, 719 [1985]).

We conclude, however, that plaintiffs' "failure to demonstrate the merit of [the cause of action] in response to the CPLR 3012 (b) motion [and cross motion] . . . compels the unconditional dismissal of [the] action" (*Cummings v St. Joseph's Hosp. Health Ctr.*, 130 AD2d 957, 957 [1987]; *see McMillan v Ryan*, 135 AD2d 1104 [1987], *lv denied* 71 NY2d 802 [1988]; *Courell v Kurzner*, 118 AD2d 677, 678 [1986]). Although a verified complaint submitted by plaintiffs in response to the motion may be considered in lieu of an affidavit of merit (*see A & J Concrete Corp. v Arker*, 54 NY2d 870, 872 [1981]; *Grant v City of N. Tonawanda*, 225 AD2d 1089 [1996]), the verified complaint in this case was insufficient to establish a meritorious cause of action. First, plaintiffs failed to specify therein the toxins to which plaintiff Gerald Kordasiewicz was allegedly exposed or what toxins allegedly caused his cancer (*see Miller v Akron Paint & Varnish*, 254 AD2d 464 [1998]) and, second, "the averments of a lay plaintiff cannot serve as the essential showing of the merit . . . where, as here, the averments include matters not within the ordinary experience and knowledge of laypersons" (*Curcio v Sax*, 16 AD3d 1093, 1093-1094 [2005]; *see Adams v Agrawal*, 187 AD2d 886, 887 [1992]; *Romano v St. Vincent's Med. Ctr. of Richmond*, 178 AD2d 467, 470 [1991]; *Brice v Westchester Community Health Plan*, 143 AD2d 170 [1988]). Contrary to plaintiffs' contention, the rule requiring an expert's affidavit to establish merit applies to any case in which "plaintiffs' claims are not based on matters within the 'ordinary experience and knowledge of laymen' " (*Rasmussen v Niagara Mohawk Power Corp.*, 294 AD2d 862, 862 [2002]), and thus that requirement is not limited to medical malpractice cases. We therefore reverse the order insofar as appealed from and vacate the condition, thereby granting the motion and cross motion unconditionally and dismissing the action against defendants. Present—Green, J.P., Scudder, Kehoe, Martoche and Pine, JJ.