■■ CONCEPCION VIRELLA, III, Plaintiff, v ALLSTATE HOME CARE OF BUFFALO, INC., et al., Appellants, and NEAL E. DUNNING, Respondent. (Appeal No. 2.) [872 NYS2d 353]—Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered March 25, 2008 in a personal injury action. The order granted the motion of defendant Neal E. Dunning for summary judgment dismissing the complaint and cross claim against him.

It is hereby ordered that the order so appealed from is unanimously modified on the law by dismissing that part of the motion seeking summary judgment dismissing the complaint against defendant Neal E. Dunning and as modified the order is affirmed without costs.

Same memorandum as in *Virella v Allstate Home Care of Buffalo, Inc.* (59 AD3d 1100 [2009]). Present—Scudder, P.J., Smith, Centra and Fahey, JJ.

■■ VIRGINIA FASANO, Respondent, v J.C. PENNEY CORPORATION, Appellant. (Appeal No. 1.) [872 NYS2d 613]—

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered October 23, 2007 in a personal injury action. The order denied defendant's motion to dismiss the action.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the action is dismissed.

Memorandum: Defendant appeals from an order denying its motion to dismiss the action based on the failure of plaintiff to comply with defendant's demand for service of a complaint pursuant to CPLR 3012 (b). We agree with defendant that Supreme Court erred in denying the motion. "To avoid dismissal for failure to timely serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a meritorious cause of action" (*Kordasiewicz v BCC Prods., Inc.*, 26 AD3d 853, 854 [2006]). Here, plaintiff failed to provide any excuse for the delay (*see Moreno v Shell Oil Co.*, 67 AD2d 905 [1979]), and she failed to demonstrate that she has a meritorious cause of action (*see Kordasiewicz*, 26 AD3d at 855). Thus, "it was error, as a matter of law, not to grant the motion to dismiss without condition" (*Kel Mgt. Corp. v Rogers & Wells*, 64 NY2d 904, 905 [1985]; *see Stolowitz v Mount Sinai Hosp.*, 60 NY2d 685 [1983]). Present—Scudder, P.J., Smith, Centra and Fahey, JJ.