SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

719

CA 12-01977

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

JUDITH A. BERGES, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

PFIZER, INC., DEFENDANT-RESPONDENT.

---

TRONOLONE & SURGALLA, P.C., BUFFALO (GERARD A. STRAUSS OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, NEW YORK CITY (MARA CUSKER
GONZALEZ OF COUNSEL), AND HARRIS BEACH PLLC, BUFFALO, FOR
DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County
(Richard C. Kloch, Sr., A.J.), entered August 29, 2011.  The order,
inter alia, granted the motion of defendant to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff appeals from an order granting the motion
of defendant to dismiss the action based on the failure of plaintiff
to comply with defendant's demand for service of a complaint pursuant
to CPLR 3012 (b) and denying her amended cross motion to compel
defendant to accept late service of her complaint.  We affirm.  "To
avoid dismissal for failure to timely serve a complaint after a demand
for the complaint has been made pursuant to CPLR 3012 (b), a plaintiff
must demonstrate both a reasonable excuse for the delay in serving the
complaint and a meritorious cause of action" (*Kordasiewicz v BCC
Prods., Inc.*, 26 AD3d 853, 854 [internal quotation marks omitted]).
Even assuming, arguendo, that plaintiff provided a reasonable excuse
for her delay in serving the complaint, we conclude that Supreme Court
properly determined that she failed to establish a meritorious cause
of action (*see generally Fasano v J.C. Penney Corp.*, 59 AD3d 1102,
1102; *Kordasiewicz*, 26 AD3d at 855).  A meritorious cause of action
may be established by way of "an affidavit of merit containing
evidentiary facts sufficient to establish a prima facie case" (*Kel
Mgt. Corp. v Rogers & Wells*, 64 NY2d 904, 905; *see Tonello v
Carborundum Co.*, 91 AD2d 1169, 1170, *affd* 59 NY2d 720, *rearg denied* 60
NY2d 587).  "It must be of a type which would defeat a motion for
summary judgment on the ground that there is no issue of fact"
(*Tonello*, 91 AD2d at 1170).  Although plaintiff is correct that a
verified pleading may be accepted in lieu of an affidavit of merit
(*see* CPLR 105 [u]; *A & J Concrete Corp. v Arker*, 54 NY2d 870, 872;

*Kordasiewicz*, 26 AD3d at 855), here the verified complaint sets forth conclusory assertions that are insufficient to establish a meritorious cause of action (*see Wellington v Weber*, 193 AD2d 1111, 1112; *see generally Weis v Weis*, 138 AD2d 968, 969).  In addition, " 'the averments of a lay plaintiff cannot serve as the essential showing of the merit . . . where, as here, the averments include matters not within the ordinary experience and knowledge of laypersons' " (*Kordasiewicz*, 26 AD3d at 855), and plaintiff improperly submitted a physician's affidavit of merit for the first time in reply (*see Siculan v Koukos*, 74 AD3d 946, 947).  In any event, the physician's affidavit was devoid of any evidentiary facts or detail regarding plaintiff's causes of action.

Entered:  July 5, 2013                    Frances E. Cafarell
                                          Clerk of the Court