# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**865**

**CA 13-00129**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

EVA E. DUNLOP, PLAINTIFF-RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

SAINT LEO THE GREAT R.C. CHURCH,
DEFENDANT-APPELLANT,
ET AL., DEFENDANT.

---

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (KATIE L. RENDA OF
COUNSEL), FOR DEFENDANT-APPELLANT.

KEVIN T. STOCKER, TONAWANDA, FOR PLAINTIFF-RESPONDENT.

--------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered June 28, 2012. The order, insofar as appealed from, denied the motion of defendant Saint Leo the Great R.C. Church to dismiss the action.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted and the action against defendant Saint Leo the Great R.C. Church is dismissed.

Memorandum: Plaintiff commenced this personal injury action by filing a summons with notice on the last day of the relevant statute of limitations. In response, Saint Leo the Great R.C. Church (defendant) mailed to plaintiff's counsel a notice of appearance and demand for the complaint pursuant to CPLR 3012 (b). When plaintiff failed to comply with defendant's demand for the complaint, defendant moved to dismiss the action. Supreme Court denied the motion, and defendant appeals.

We conclude that the court erred in denying the motion. "To avoid dismissal for failure to timely serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a meritorious cause of action" (*Kordasiewicz v BCC Prods., Inc.*, 26 AD3d 853, 854 [internal quotation marks omitted]). Here, plaintiff failed to meet her burden with respect to either prong of that test. Concerning the first part of the test, plaintiff asserted that she delayed in filing the complaint because she did not receive defendant's demand for the complaint. In our view, that excuse is not reasonable (*see Imperiale v Prezioso*, 4 Misc 3d 716, 719-720). Service of the demand for the complaint was complete upon

mailing (*see* CPLR 2103 [b] [2]), and defendant's submission in support of its motion of a proper affidavit of service of the demand entitled it to the presumption that a proper mailing occurred (*see Kihl v Pfeffer*, 94 NY2d 118, 122).  We agree with defendant that plaintiff's mere denial of receipt of the demand was insufficient to rebut that presumption (*see id.*; *Engel v Lichterman*, 62 NY2d 943, 944-945; *cf. Vita v Heller*, 97 AD2d 464, 464-465).  Even assuming, arguendo, that nonreceipt of the demand was a reasonable excuse, we conclude that plaintiff failed to establish a meritorious cause of action with a verified complaint or an affidavit of merit, and thus dismissal of the action is required (*see* CPLR 3012 [b]; *Kel Mgt. Corp. v Rogers & Wells*, 64 NY2d 904, 905).

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court