# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**970**

**CA 13-01004**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

JOHN A. MCINTOSH, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

GENESEE VALLEY LASER CENTRE AND HOLLY B.
HAHN, M.D., DEFENDANTS-RESPONDENTS.

---

JOHN A. MCINTOSH, PLAINTIFF-APPELLANT PRO SE.

HIRSCH & TUBIOLO, P.C., ROCHESTER (BRYAN KORNFIELD OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (William
P. Polito, J.), entered February 22, 2013. The order granted the
motion of defendants to dismiss the action.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order granting defendants'
motion to dismiss the action based on the failure of plaintiff to
comply with their demand for service of a complaint pursuant to CPLR
3012 (b). We affirm. "To avoid dismissal for failure to timely serve
a complaint after a demand for the complaint has been made pursuant to
CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse
for the delay in serving the complaint and a meritorious cause of
action" (*Berges v Pfizer, Inc.*, 108 AD3d 1118, 1119 [internal
quotation marks omitted]).

"It is generally within the sound discretion of [Supreme Court]
to determine what constitutes a reasonable excuse for the delay in
serving the complaint" (*Mitchell v Erie County Med. Ctr. Corp.*, 70
AD3d 1408, 1408-1409, *lv dismissed* 14 NY3d 881 [internal quotation
marks omitted]; *see Kordasiewicz v BCC Prods., Inc.*, 26 AD3d 853,
854). Here, defendants served plaintiff with a demand for service of
a complaint one week after plaintiff served defendants with a summons
with notice. Upon plaintiff's failure to serve a complaint by the
applicable deadline (*see* CPLR 3012 [b]; *see also* CPLR 2103 [b] [2]),
defendants moved to dismiss the action pursuant to CPLR 3012 (b). We
conclude that plaintiff failed to provide any reasonable excuse for
the delay (*see generally Fasano v J.C. Penney Corp.*, 59 AD3d 1102,
1102). Plaintiff's contention that he served a complaint upon
defendants' attorney by mail is unsubstantiated by the record, and
plaintiff's reliance in his reply brief on purported conversations

between himself and defendants' attorney to support his contention that he served a complaint is improper inasmuch as such conversations are outside the record on appeal (*see Britt v Buffalo Mun. Hous. Auth.*, 109 AD3d 1195, 1197).  Plaintiff failed to establish at a court appearance that he filed or served a complaint, and his claims concerning such filing or service are belied by a subsequent letter in which he requested permission from the court to serve a late complaint upon defendants' attorney.  Moreover, the record contains neither a copy of the alleged complaint nor proof of service (*cf. Dunlop v Saint Leo the Great R.C. Church*, 109 AD3d 1120, 1121, *lv denied* 22 NY3d 858).  Plaintiff asserts in his reply brief that the record on appeal failed to include the "original complaint," which he alleges was attached to a second handwritten letter that he faxed to the court.  Even assuming, arguendo, that plaintiff's assertion is accurate and properly before us, it is the obligation of the appellant to assemble a proper record on appeal (*see* 22 NYCRR 1000.4 [a]; *Mergl v Mergl*, 19 AD3d 1146, 1147; *see also* CPLR 5526).  Plaintiff, the appellant herein," 'submitted this appeal on an incomplete record and must [therefore] suffer the consequences' " (*Polyfusion Electronics, Inc. v AirSep Corp.*, 30 AD3d 984, 985).

In any event, we conclude that plaintiff failed to establish a meritorious cause of action.  "A meritorious cause of action may be established by way of 'an affidavit of merit containing evidentiary facts sufficient to establish a prima facie case' " (*Berges*, 108 AD3d at 1119, quoting *Kel Mgt. Corp. v Rogers & Wells*, 64 NY2d 904, 905; *see Tonello v Carborundum Co.*, 91 AD2d 1169, 1170, *affd* 59 NY2d 720, *rearg denied* 60 NY2d 587), or with a verified complaint (*see Berges*, 108 AD3d at 1119; *see also* CPLR 105 [u]; *A & J Concrete Corp. v Arker*, 54 NY2d 870, 872; *Kordasiewicz*, 26 AD3d at 855).  Here, plaintiff submitted neither.  Plaintiff's assertion in his reply brief that he recently obtained assurances that his action is meritorious from the doctor who diagnosed and treated his condition is not properly before us because those alleged assurances are outside the record on appeal and, in any event, do not constitute an affidavit of merit.  "[P]laintiff['s] failure to demonstrate the merit of [the cause of action] in response to the CPLR 3012 (b) motion . . . compels the unconditional dismissal of [the] action" (*Kordasiewicz*, 26 AD3d at 855 [internal quotation marks omitted]), and it would have been reversible error for the court to hold otherwise (*see Kel Mgt. Corp.*, 64 NY2d at 905; *Fasano*, 59 AD3d at 1102).

Finally, to the extent plaintiff contends that the court erred in denying his request for an additional adjournment, we conclude that the court did not abuse or improvidently exercise its discretion (*see Pitts v City of Buffalo*, 19 AD3d 1030, 1030).

Entered:  October 3, 2014                     Frances E. Cafarell
                                              Clerk of the Court