# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**495**

**CA 14-01451**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

SHNEIKA M. ROBERTS, PLAINTIFF-RESPONDENT,

V                                                     MEMORANDUM AND ORDER

ELVIRA A. NORTHINGTON AND JETUANA MOODY,
DEFENDANTS-APPELLANTS.

---

LAW OFFICE OF JOHN WALLACE, ROCHESTER (ALYSON CULLITON OF COUNSEL),
FOR DEFENDANT-APPELLANT ELVIRA A. NORTHINGTON.

ADAMS, HANSON, REGO, KAPLAN & FISHBEIN, WILLIAMSVILLE (NICOLE
PALMERTON OF COUNSEL), FOR DEFENDANT-APPELLANT JETUANA MOODY.

FRANK S. FALZONE, BUFFALO (LOUIS ROSADO OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------

Appeals from an order of the Supreme Court, Erie County (John M. Curran, J.), entered January 31, 2014. The order granted the motion of plaintiff to vacate orders of dismissal and reinstated the action.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.

Memorandum: In this negligence action arising from a motor vehicle accident, defendants appeal from an order granting plaintiff's motion pursuant to CPLR 5015 to vacate the orders dismissing the action based on plaintiff's failure to serve a complaint within 20 days of defendants' demand pursuant to CPLR 3012 (b). "To avoid dismissal for failure to timely serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a meritorious cause of action" (*Berges v Pfizer, Inc.*, 108 AD3d 1118, 1119 [internal quotation marks omitted]). We agree with defendants that Supreme Court abused its discretion in granting plaintiff's motion because plaintiff failed to establish that she has a meritorious cause of action, i.e., she failed to submit an "affidavit of merit containing evidentiary facts sufficient to establish a prima facie case" (*Kel Mgt. Corp. v Rogers & Wells*, 64 NY2d 904, 905), or a verified complaint (*see McIntosh v Genesee Val. Laser Ctr.*, 121 AD3d 1560, 1561). Here, in support of her motion, plaintiff submitted only the affirmation of her attorney, who has no personal knowledge of the relevant facts, and plaintiff thus failed to meet her burden (*see Oversby v Linde Div. of Union Carbide Corp.*, 121

AD2d 373, 373). Although plaintiff thereafter submitted a verified complaint, she improperly did so for the first time in her reply papers (*see generally James C. v Cintron*, 126 AD3d 464, 464; *Jackson-Cutler v Long*, 2 AD3d 590, 590). We conclude that "[p]laintiff['s] failure to demonstrate the merit of [the cause of action] in response to the CPLR 3012 (b) motion . . . compels the unconditional dismissal of [the] action . . . , and it [was] reversible error for the court to hold otherwise" (*McIntosh*, 121 AD3d at 1561-1562 [internal quotation marks omitted]).

Entered:  May 8, 2015                                    Frances E. Cafarell
                                                        Clerk of the Court