Bittinger v Erie Ins. Co. (2019 NY Slip Op 00715)





Bittinger v Erie Ins. Co.


2019 NY Slip Op 00715


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND TROUTMAN, JJ.


38 CA 18-01511

[*1]JOSEPH BITTINGER, JR. AND LINDA BITTINGER, PLAINTIFFS-RESPONDENTS,
v ERIE INSURANCE COMPANY, DEFENDANT-APPELLANT. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (JAMES GRABER OF COUNSEL), FOR DEFENDANT-APPELLANT.
THE WESTMAN LAW FIRM, JAMESTOWN (JAMES E. WESTMAN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered May 16, 2018. The order denied defendant's motion to dismiss the action. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the action is dismissed.
Memorandum: Defendant appeals from an order denying its motion, inter alia, to dismiss the action based on plaintiffs' failure to timely comply with defendant's demand for service of a complaint pursuant to CPLR 3012 (b). We agree with defendant that Supreme Court erred in denying the motion. It is well settled that, "[t]o avoid dismissal for failure to timely serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a meritorious cause of action" (Berges v Pfizer, Inc., 108 AD3d 1118, 1119 [4th Dept 2013] [internal quotation marks omitted]; see McIntosh v Genesee Val. Laser Ctr., 121 AD3d 1560, 1560 [4th Dept 2014], lv denied 25 NY3d 911 [2015]; Dunlop v Saint Leo the Great R.C. Church, 109 AD3d 1120, 1120-1121 [4th Dept 2013], lv denied 22 NY3d 858 [2013]). Here, even assuming, arguendo, that plaintiffs showed a meritorious cause of action, we conclude that they failed to provide any excuse for the delay in serving their complaint, and thus dismissal of the action is required (see JL Collier Corp. v Wells Fargo Bank, N.A., 127 AD3d 1026, 1027 [2d Dept 2015]; Dunlop, 109 AD3d at 1121; Fasano v J.C. Penney Corp., 59 AD3d 1102, 1102 [4th Dept 2009]). Plaintiffs' contention that defendant has not been prejudiced or harmed by the delay is irrelevant. "The absence of any reasonable excuse for plaintiffs' delay is determinative; there is no requisite that prejudice be shown before a motion to dismiss is granted in a case of this nature" (Verre v Rosas, 47 NY2d 795, 796 [1979]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court