Barker v Gervera (2023 NY Slip Op 03989)

Barker v Gervera

2023 NY Slip Op 03989

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, AND OGDEN, JJ.

231 CA 22-00300

[*1]DAVID BARKER, PLAINTIFF-APPELLANT,
v
ANTHONY . GERVERA, AMANDA D. GERVERA AND FARM CREDIT EAST, ACA, DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 

LONGSTREET & BERRY, LLP, FAYETTEVILLE (MICHAEL J. LONGSTREET OF COUNSEL), FOR PLAINTIFF-APPELLANT.
COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (MATTHEW W. O'NEIL OF COUNSEL), FOR DEFENDANTS-RESPONDENTS ANTHONY V. GERVERA AND AMANDA D. GERVERA. 
HANCOCK & ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR DEFENDANT-RESPONDENT FARM CREDIT EAST, ACA. 

 Appeal from an order of the Supreme Court, Oswego County (James P. McClusky, J.), entered February 17, 2022. The order, insofar as appealed from, granted the motion of defendant Farm Credit East, ACA to dismiss the action against it and granted in part the motion of defendants Anthony V. Gervera and Amanda D. Gervera to dismiss the action against them. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion of defendant Farm Credit East, ACA, is denied, the action against that defendant is reinstated, and the motion of defendants Anthony V. Gervera and Amanda D. Gervera is denied in its entirety.
Memorandum: Plaintiff sold his 300-acre farm, which is situated in Oswego and Jefferson Counties, to his daughter and son-in-law, defendants Amanda D. Gervera and Anthony V. Gervera (collectively, Gervera defendants). Defendant Farm Credit East, ACA (Farm Credit) holds a mortgage on that real property. Plaintiff believed he would be given a life estate as part of the transfer but later learned that no life estate had been created. He also learned that the Gervera defendants had sold tractors, hay, and a modular home that belonged to plaintiff and were situated on that property. Plaintiff commenced identical actions in Oswego and Jefferson Counties by service of summonses with notice, seeking, inter alia, to determine his interest in the real property and to recover for the loss of the personal property. In each action, Farm Credit moved to dismiss the action against it pursuant to CPLR 3012 (b) based on plaintiff's failure to comply with its demands for service of the complaints. The Gervera defendants similarly moved to dismiss the actions against them on that ground.
In opposition to the motions, plaintiff submitted the affirmation of his attorney, who attributed the delay in part to law office failure. With respect to each action, plaintiff also submitted, inter alia, a proposed verified complaint asserting causes of action for "mutual mistake or unilateral mistake with fraud," undue influence, "unjust enrichment/constructive trust," and conversion. As relief, the complaints sought reformation of the deed or rescission of the real estate transaction and monetary damages. In addition, plaintiff submitted an affidavit alleging that he was once the owner of the subject property, which had been in his family for generations. In 2018, due to medical issues and the deterioration of his marriage, plaintiff began to have financial problems. The Gervera defendants offered to purchase the farm for $250,000 to help plaintiff pay off his mortgage and other debts. According to plaintiff, the farm was valued [*2]at more than $750,000, and the Gervera defendants led him to believe that he would be given a life estate on the property after the transfer. Although plaintiff continued living on the property following the closing, he later learned that neither the contract nor the deed granted him a life estate. Plaintiff further asserted that the Gervera defendants made plans to sell parts of the farm over plaintiff's objection and sold tractors, hay, and a modular home that belonged to him and were not included in the purchase contract.
Each Supreme Court determined that, although plaintiff established a reasonable excuse for failing to timely serve the complaint, he "failed to establish a meritorious claim of mutual mistake or unilateral mistake with fraud, undue influence, unjust enrichment, or constructive trust." Each court further determined, however, that plaintiff's proposed conversion cause of action had potential merit inasmuch as neither the contract nor the deed transferred to the Gervera defendants any of plaintiff's personal property, such as his tractors, hay, and modular home.
In appeal No. 1, plaintiff appeals from the order in the Oswego County action insofar as it granted Farm Credit's motion in its entirety and dismissed that action against it and granted the Gervera defendants' motion in part and dismissed the action against them except to the extent of allowing plaintiff to serve a complaint alleging a cause of action for conversion against them. In appeal No. 2, plaintiff appeals from a substantially similar order in the Jefferson County action insofar as it granted Farm Credit's motion in its entirety and dismissed that action against it and granted the Gervera defendants' motion in part and dismissed the action against them except to the extent of allowing plaintiff to serve a complaint alleging a cause of action for conversion against them. In each appeal, we reverse the order insofar as appealed from to this Court.
Where, as here, a plaintiff serves a summons without a complaint, the defendant may serve a written demand for a complaint within the time provided for a notice of appearance (see CPLR 3012 [b]). The court upon motion may dismiss the action if the plaintiff fails to serve a timely complaint following the demand (see id.). Upon "application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default" (CPLR 3012 [d]). Here, plaintiff failed to serve a complaint in response to defendants' demands, prompting defendants to move to dismiss the action under CPLR 3012 (b). Although plaintiff opposed the motions, he did not move for an extension of time to serve the complaints under CPLR 3012 (d).
"To avoid dismissal for failure to timely serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a meritorious cause of action" (Berges v Pfizer, Inc., 108 AD3d 1118, 1119 [4th Dept 2013] [internal quotation marks omitted and emphasis added]; see Bittinger v Erie Ins. Co., 169 AD3d 1359, 1360 [4th Dept 2019]). "A meritorious cause of action may be established by way of 'an affidavit of merit containing evidentiary facts sufficient to establish a prima facie case' " (Berges, 108 AD3d at 1119, quoting Kel Mgt. Corp. v Rogers & Wells, 64 NY2d 904, 905 [1985]; see Roberts v Northington, 128 AD3d 1487, 1488 [4th Dept 2015]) "or with a verified complaint" (McIntosh v Genesee Val. Laser Ctr., 121 AD3d 1560, 1561 [4th Dept 2014], lv denied 25 NY3d 911 [2015]; see Roberts, 128 AD3d at 1488; see generally CPLR 105 [u]). The documents "must be of a type which would defeat a motion for summary judgment on the ground that there is no issue of fact" (Tonello v Carborundum Co., 91 AD2d 1169, 1170 [4th Dept 1983], affd 59 NY2d 720 [1983], rearg denied 60 NY2d 587 [1983] [emphasis added]; see Berges, 108 AD3d at 1119). That is to say, the plaintiff must submit evidence in admissible form from someone with personal knowledge of the relevant facts (see Tonello, 91 AD2d at 1170; Roberts, 128 AD3d at 1488).
Here, plaintiff submitted both an affidavit of merit and a proposed verified complaint in opposition to each motion. Based on the evidence submitted, each court determined that plaintiff demonstrated merit to his proposed cause of action for conversion, and defendants do not take issue with the courts' rulings in that regard. Inasmuch as plaintiff demonstrated the merit of a proposed cause of action, we conclude that defendants' motions should have been denied in their entirety. Plaintiff was not required to demonstrate merit to all of his proposed causes of action.
We reject defendants' contention, raised as an alternative ground for affirmance (see [*3]generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545 [1983]), that plaintiff failed to establish a reasonable excuse for failing to timely comply with defendants' demands for service of the complaints. "It is generally within the sound discretion of the court to determine what constitutes a reasonable excuse for the delay in serving the complaint . . . , and the court has the discretion to excuse delay based on law office failure" (Kordasiewicz v BCC Prods., Inc., 26 AD3d 853, 854 [4th Dept 2006]; see Mitchell v Erie County Med. Ctr. Corp., 70 AD3d 1408, 1408-1409 [4th Dept 2010], lv dismissed 14 NY3d 881 [2010]). The affirmation of plaintiff's attorney, submitted in opposition to the motions, established that the default was of short duration, was partially attributable to law office failure, and was not willful. Considering our "preference for resolving disputes on the merits" (Cary v Cimino, 128 AD3d 1460, 1461 [4th Dept 2015]; see Davidson v Straight Line Contrs., Inc., 75 AD3d 1143, 1144 [4th Dept 2010]), we cannot conclude that the courts' determinations in this regard constitute an abuse of discretion (see Mitchell, 70 AD3d at 1409; see also Case v Cayuga County, 60 AD3d 1426, 1427 [4th Dept 2009], lv dismissed 13 NY3d 770 [2009]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court